FILED
CLERK
1:31 pm, Apr 18, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
THE MONEY SOURCE INC.,

                                      Plaintiff,

  -against-

LOANCARE LLC,

                                   Defendant.
----------------------------------------------------------------------X

**ORDER**
18-CV-3523(SJF)(GRB)

FEUERSTEIN, District Judge:

I.      INTRODUCTION

On June 15, 2018, plaintiff The Money Source Inc. ("plaintiff") commenced this action for declaratory relief and breach of the covenant of good faith and fair dealing against defendant LoanCare LLC ("defendant"), asserting that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) ("Section 1332(a)") based upon the diversity of citizenship of the parties. (Complaint ["Compl."], ¶ 3). On June 20, 2018, plaintiff filed an amended complaint against defendant also asserting, *inter alia*, that this Court has subject matter jurisdiction pursuant to Section 1332(a) based upon the diversity of citizenship of the parties. (Amended Complaint ["Am. Compl."], ¶ 3). Pending before the Court is defendant's motion to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction or, in the alternative, to dismiss plaintiff's claims in their entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. For the reasons set forth below, this action is *sua sponte* dismissed for lack of subject matter jurisdiction and defendant's motion is denied as moot.

1

II.	DISCUSSION

"Federal courts are courts of limited jurisdiction," *Gunn v. Minton*, 568 U.S. 251, 256, 133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)); *see also Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012), and may not preside over cases absent subject matter jurisdiction. *See Lightfoot v. Cendant Mortg. Corp.*, ─ U.S. ─, 137 S. Ct. 553, 560, 196 L. Ed. 2d 493 (2017) ("[A] court's subject-matter jurisdiction defines its power to hear cases."); *Kokkonen*, 511 U.S. at 377, 114 S. Ct. 1673 (holding that federal courts "possess only that power authorized by Constitution and statute . . . .") Lack of subject matter jurisdiction cannot be waived or forfeited, and may be raised at any time by a party or by the court *sua sponte*. *See Gonzalez v. Thaler*, 565 U.S. 134, 141, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012); *see also Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153, 133 S. Ct. 817, 184 L. Ed. 2d 627 (2013) ("Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy."); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press. . . . Objections to subject-matter jurisdiction . . . may be raised at any time.")

Section 1332(a) "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005); *see also Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-

18 (2d Cir. 2014) (holding that Section 1332 "requires 'complete diversity,' *i.e.*, all plaintiffs must be citizens of states diverse from those of all defendants.")

"[I]t is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-323 (2d Cir. 2001); *see also Pennsylvania Pub. Sch.*, 772 F.3d at 118 ("The party asserting jurisdiction bears the burden of proof.") "[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (quotations and citation omitted); *see also John Birch Soc'y v. National Broad. Co.*, 377 F.2d 194, 197 (2d Cir. 1967) ("[D]iversity of citizenship must be apparent from the pleadings.") "A conclusory allegation . . . regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." *Richmond v. International Bus. Machs. Corp.*, 919 F. Supp. 107, 108 (E.D.N.Y. 1996); *accord Courtyard Apartments Prop. 1, LLC v. Rosenblum*, No. 17-cv-2909, 2018 WL 1611386, at * 1 (E.D.N.Y. Apr. 3, 2018).

The amended complaint alleges, *inter alia*, that plaintiff is a New York corporation with its principal place of business in Melville, New York, (Am. Compl., ¶ 1); and that, "[u]pon information and belief, [defendant] is a Virginia limited liability company with a principal place of business [in] . . . Virginia Beach, Virginia. . . ." (*Id.*, ¶ 2). Since the amended complaint is bereft of any factual allegations from which the identity or citizenship of the members of

defendant, an unincorporated entity, may reasonably be inferred, this Court issued an order to show cause, dated June 25, 2018, directing plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction due to its failure to demonstrate that the grounds for diversity jurisdiction exist or that diversity is complete. (Docket Entry ["DE"] 13).

On July 19, 2018, plaintiff filed a response to the order to show cause indicating, *inter alia*, (i) that defendant has only one (1) member, ServiceLink Holdings, LLC ("ServiceLink"), which is a Delaware limited liability company whose "registration information is available on the official website of the Delaware Department of State: Division of Corporations[,]" (Affidavit of Andrew Cooper, Esq., in Response to the Court's June 25, 2018 Order to Show Cause ["Cooper Aff."], ¶¶ 11, 17); (ii) that ServiceLink's principal place of business is in Moon Township, Pennsylvania, (*id.*, ¶¶ 12, 17); (iii) that ServiceLink has two (2) members: Fidelity National Financial, Inc. ("FNF"), and Thomas H. Lee Partners, L.P. ("THL"), (*id.*, ¶¶ 13, 15, 17), the latter of which "has a minority membership in ServiceLink in the form of a redeemable noncontrolling interest[,]" (*id.*, ¶ 15); (iv) that FNF is a Delaware corporation with a principal place of business in Jacksonville, Florida, (*id.*, ¶¶ 13-14); (v) that THL "is a Massachusetts limited partnership, with a principal place of business located in Boston, Massachusetts[,]" (*id.*, ¶ 16); and (vi) that, thus, neither FNF nor THL "are citizens of New York." (*Id.*, ¶ 17).

Although plaintiff sufficiently asserts the citizenship of FNF, *see* 28 U.S.C. § 1332(c)(1), its assertion that THL "is a Massachusetts limited partnership, with a principal place of business located in Boston, Massachusetts[,]" (Cooper Aff., ¶ 16), is insufficient to establish the citizenship of that entity because as a limited partnership, THL is, like defendant itself, an

4

unincorporated entity whose citizenship "is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *see also Americold Realty Trust v. Conagra Foods, Inc.*, --- U.S. ---, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016) (holding that for unincorporated entities, such as limited partnerships, "diversity jurisdiction in a suit by or against the entity depends on the citizenship of all its members." (quotations, alterations and citation omitted)).

There is no indication in the pleadings, plaintiff's response to the order to show cause or any other parts of the record regarding either the identity or the citizenship of the members of THL, and the conclusory assertion by plaintiff's counsel that neither FNF nor THL "are citizens of New York," (*id.*, ¶ 17), is insufficient to establish that there is complete diversity between the parties to this action. *See, e.g. Richmond*, 919 F. Supp. at 108; *accord Courtyard Apartments*, 2018 WL 1611386, at * 1. Since plaintiff has not met its burden of demonstrating that the grounds for diversity exists and that diversity is complete, despite being afforded notice and an opportunity to do so by virtue of the June 25, 2018 order to show cause[1], this action is *sua sponte* dismissed in its entirety pursuant to Rule 12(h) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

In light of this determination, defendant's motion to dismiss is denied as moot.

---

[1] Indeed, the order to show cause specifically indicates, *inter alia*, that "[i]f the member or members of an unincorporated entity are themselves an unincorporated entity, "citizenship is determined by an upstream analysis of its members and structure." *Palmiotti v. JAF Carrier LLC*, No. 15-cv-2365, 2017 WL 1166364, at * 2 (E.D.N.Y. Mar. 28, 2017) (citing *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)).

III.  CONCLUSION

For the reasons set forth above, this action is *sua sponte* dismissed in its entirety pursuant to Rule 12(h) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and defendant's motion to dismiss is denied as moot.

**SO ORDERED**.

                                                  /s/
                                      Sandra J. Feuerstein
                                      United States District Judge

Dated: April 18, 2019
        Central Islip, New York